IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN JOSEPH STOLTIE, )
)
)
)
Plaintiff, )
) 2:21-cv-267
vs. )
)
GINA CERILLI et al., )
)
)
Defendants. )

## ORDER

Plaintiff Brian Stoltie has filed a motion (ECF 70) in which he seeks to serve upon Defendants a Request for Production of Documents that consists of twenty-four separate document requests, as well as twenty-one separate sets of Interrogatories directed to all of the individual defendants other than Defendant Tran. The Court has reviewed Plaintiff's proposed discovery and concludes that the breadth of the discovery sought by Plaintiff is not proportional to the needs of the case. In making this conclusion, the Court has considered the presumed lack of access by certain defendants to relevant information, the importance or lack thereof of certain requested discovery in resolving the matters that are at issue in this case and whether the burden of the proposed discovery outweighs its likely benefit.

Thus, it is ORDERED that Plaintiff's Motion is GRANTED in part and DENIED in part. Defendants shall be required to respond and/or object **only** to the following discovery:

Requests for Production

Requests for Production 1, 3, 5, 6, 7, 8, 9, 11, 12, 16, 20, 21, 22 and 24.

Requests 1, 3, 5, 6, 11, 12, 16, 20, 21 and 24 all seek information regarding policies and procedures at the Westmoreland County Prison that may be relevant to the claims asserted by

Plaintiff.  As to these requests, and assuming Defendants do not assert objections, Defendants may limit their responses to the production of documents that constitute or describe the responsive policy or procedure. Further, Request 5 is limited to any mail policies or procedures that specifically relate to Plaintiff's claims regarding mail.  Requests 7 and 8 shall be limited to grievances and request slips that relate to the claims asserted by Plaintiff in this case.  Request 22 is limited to any orders by the medical department that specifically relate to Plaintiff's claims about alleged inadequate medical care that are referenced in the Amended Complaint

The remaining requests are not proportional to the needs of this case as they are either overly broad or not sufficiently related to the issues in this case.

## Interrogatories

Many of the interrogatories posed to various Defendants ask that they describe policies that Plaintiff also seeks in his document request.  To the extent that a written policy exists, Defendants are not required to answer any interrogatory that seeks the same information other than by stating that it has been produced. Moreover, any interrogatory that seeks information about a "policy, procedure, practice and state law" is limited to information regarding a policy, practice or procedure.  To the extent that interrogatories directed to multiple defendants seek exactly the same information, defendants are not required to repeat the same response multiple times.  Further, Defendants' responses to Interrogatory 1 shall be limited to his or her title and duties during the events described in the Amended Complaint

With these general instructions, Defendants will be required to respond and/or object **only** to the following interrogatories:

1. Defendant Cerilli:  Interrogatories 1, 5 and 7.

2. Defendant Kline:  Interrogatories 1, 2, 4, 7, 8, 9, 10, 11, 12, 15 and 16.

3. Defendant Lowther: Interrogatory 1.

4. Defendant Schwartz: Interrogatory 1.

5.  Defendant Pelesky: Interrogatories 1, 5 and 10.

6. Defendant Wolfe: Interrogatories 1, 6, 7 and 9.

7. Defendant Brad Tomasello: Interrogatories 1, 4 and 5.

8. Defendant Springer:  Interrogatories 1, 5, 6, 7, 8, 10, 11 and 12.

9. Defendant Kemerer:  Interrogatories 1, 2 and 3.

10. Defendant Fagan:  Interrogatories 1 and 5.

11. Defendant Martin: Interrogatories 1 and 5.

12. Defendant Palmer:  Interrogatories 1 and 5.

13. Defendant Caruso:  Interrogatory 1.

14. Defendants Demorest, Gianquinto, Black and Cramer:  Interrogatories 1, 3 and 4.

15. Defendant Long:  Interrogatories 1 and 3.

16. Defendant Jack:  Interrogatories 1, 5 and 6

17. Defendant Lockwich:  Interrogatories 1, 2 and 3.

18. Defendant Cheryl Tomasello:  Interrogatories 1 and 2.  With respect to Interrogatory 2, Defendant may limit her response to any food allergy precautions that relate to the Plaintiff.

It is further ORDERED that Defendants shall serve their responses to Plaintiff's discovery, as limited by this Order, no later than June 13, 2022.

BY THE COURT:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge