IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN JOSEPH STOLTIE, | ) |
| | ) Civil Action No. 21-267 |
| Plaintiff, | ) |
| | ) |
| vs. | ) U.S. District Judge Arthur J. Schwab |
| | ) U.S. Magistrate Judge Patricia Dodge |
| GINA CERILLI, ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On October 2, 2023, Magistrate Judge Patricia Dodge issued a Report and Recommendation (ECF 190) which granted in part and denied in part Defendants' Motion for Summary Judgment. ECF 118. In a nutshell, the Magistrate Judge recommended that judgment be entered in favor of Defendants on all but three claims, Counts 6, 15 and 16. This Court concurs with the Magistrate Judge that summary judgment should not be granted as to one of the three claims (Count 6), and will adopt the Magistrate Judge's Report and Recommendation as to that claim (Count 6) and all of the other claims to which summary judgment was granted. However, after a careful review of the pleadings and the submissions related to the Motion for Summary Judgment, this Court will also grant summary judgment as to the two remaining claims (Counts 15 and 16) for the reasons set forth below. The Court's review of the Magistrate Judge's Report and Recommendation is *de novo* but the extent of the review is committed to the sound discretion of this Court. 28 U.S.C.A. § 636(b)(1).

**I. Standard of Review**

Summary judgment may be granted if, drawing all inferences in favor of the non-moving

party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.,* depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party

must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). Although courts must hold *pro se* pleadings to less stringent standards than pleadings drafted by lawyers, at the summary judgment stage a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, not just mere allegations to show that there is a genuine dispute for trial. See, *e.g., Barnett v. NJ Transit Corp*., 573 Fed. Appx. 239, 243 (3d Cir. 2014) (holding that the pro se plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Siluk v. Beard*, 395 Fed. Appx. 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."); *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013) (pro se plaintiffs "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

    **II. Factual Background**

    Because this Court writes primarily for the benefit of the parties who are well acquainted with all of the facts in this case, only the facts relevant to this Court's decision to grant summary

judgment on two claims that the Magistrate Judge previously denied will be set forth herein.

Plaintiff is presently an inmate at the State Correctional Institution in Greene County, Pennsylvania. He brought this *pro se* civil rights action under 42 U.S.C. § 1983 concerning events that occurred when he was a pretrial detainee in the Westmoreland County Prison ("WCP").

Relevant to the discussion below, Plaintiff filed an his original Compliant (ECF 12) on April 5, 2021. He filed his Amended Complaint (ECF 58) on March 8, 2022. In Count 15 of his Amended Complaint, Plaintiff alleges the following:

> Defendants . . . violated plaintiff's right to be free punishment under the Due Process Clause of the Fourteenth Amendment and plaintiff's First Amendment by subjecting him to retaliation for his participation in protected conduct. More specifically, defendants subjected plaintiff to a campaign of harassment by retaliating against plaintiff for his participation in protect[ed] conduct, namely plaintiffs' attempts to grieve violation of his rights, the filing of this civil suit, and the litigation thereof. The totality of adverse actions taken against plaintiff for exercising his rights amounts to abuse, punishment, and would deter the average person from continuing the participation in protected conduct.

ECF 58, p. 57-58.

In Count 16 of his Amended Complaint, Plaintiff alleges the following:

> Defendants . . . violated plaintiff's rights under the American with Disabilities Act pursuant to 42 U.S.C. 12101[,] in that, due to plaintiff's medical disability, plaintiff was housed on G/H Unit. As a direct result of plaintiff's medical condition and only due to said disability, plaintiff was denied privileges, programs, activities, and services offered to inmates of the general population by this facility as a public entity.

ECF 58, p. 58.

Plaintiff's Amended Complaint also indicates that on June 24, 2020, he wrote out a "request slip" while incarcerated at WCP indicating that it came to his attention that his

4

newspapers, with the exception of the three most recent papers and legal mail, were being returned. ECF 58, p. 9 and ECF 12-1 p. 6.  Plaintiff was allegedly told that this was the policy at WCP and this policy was not grievable. ECF 58, p. 9-10.  Plaintiff then filled out another "request slip" on June 29, 2020 asking to be provided with a grievance form so he could file a grievance concerning his newspapers. ECF 12-1, p. 8.  He prepared a second "request slip" for a grievance form on July 2, 2020. ECF 12-1, p. 10.  On July 23, 2020, Plaintiff prepared a fourth "request slip" asking for a copy of the WCP policy governing an inmate's mail and newspapers. ECF 12-1, p. 12. On November 12, 2020, Plaintiff filed his fifth request slip which requested a grievance form so he could file a grievance about not being able to receive a weekly phone call. ECF 12-1, p. 14.  The final request slip prepared by Plaintiff on December 29, 2020, again requests a grievance form and references his missing newspapers. ECF 12-1, p. 16.

      Plaintiff's Amended Complaint also alleges as follows:

> In April of 2021, I was assigned to the G/H unit for medical reasons, due to a leg injury. Said injury turned out to be my ACL being completely torn in my left knee. I was denied services, privileges, and activities offered to inmates of the general population, more specifically, video visits (in person visits had not yet been reinstated) tablets, gym/recreation/fresh air, law library and access to the means to properly cook food items ordered on commissary. Numerous request slips were submitted by me to obtain a grievance.  I was never given a grievance for said issue and had to sign a refusal to be housed down in medical to get moved off of G/H Unit so that I could get visits and privileges/services/activities offered to inmates of general population.  More recently, on December 22, 2021, I was moved back to G/H Unit for medical reasons, as the condition of my ACL injury had deteriorated to the point in which, I required a knee brace with metal hinges, to wear when I walk, as my knee gives out when I walk. . . .

ECF 58, p. 35.

      A discovery period ensued following the filing of his Amended Complaint on March 8,

2022. Plaintiff filed his first Motion to Compel discovery on April 28, 2022, and on May 5, 2022, the Magistrate Judge denying his request, noted as follows:

> . . . Plaintiff acknowledges that Defendants have produced documents in response to the Case Management Order. Defendants represent that they have produced all documents that relate to Plaintiff's claims. As noted in the Case Management Order, if Plaintiff requests additional documents, he may advise the court of any additional discovery that he seeks. Plaintiff has filed a motion seeking additional discovery which will be addressed in a separate order. Signed by Magistrate Judge Patricia L. Dodge on 5/5/22.

ECF 73.

Plaintiff filed his second Motion to Compel discovery on June 24, 2022 (ECF 85), the Magistrate Judge issued a briefing schedule on the matter (ECF 86), and on July 13, 2022, the Magistrate Judge denying his second request, noted as follows:

> Defendants state that they have produced the medical record and video requested in Request No. 9 of Plaintiff's [70-1] Request for Production. . . . It is further ordered that Defendants take the necessary steps to produce another copy of the video to Plaintiff and in doing so, coordinate their efforts with the Department of Corrections staff at the correctional institution in which Plaintiff is housed. Signed by Magistrate Judge Patricia L. Dodge on 7/13/2022.

ECF 90.  Defendants filed a certificate of compliance stating that they served responses to the discovery permitted by the Court on June 13, 2022.  ECF 82.

On September 13, 2022, Plaintiff filed his third motion to compel (ECF 114) which the Magistrate Judge denied on September 1, 2022, noting in relevant part:

> TEXT ORDER DENYING/OVERRULING that part of Plaintiff's 114 "Motion to Appeal this Court's Orders and to Compel Discovery" that it is an appeal of/objection to Magistrate Judge Dodge's 112 and 113 Text Orders dated August 1, 2022. Magistrate Judge Dodge properly acted within her authority in granting Defendants' 107 Second Motion for Extension of Time and 108 Motion for Permission to Exceed Page Limitations, in said Orders, without first seeking a response from Plaintiff to the motions. See Federal Rule of Civil Procedure 1 (commanding, the

> just, speedy, and inexpensive determination of every action and proceeding); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (stating, this Court has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases) (citations omitted). Accordingly, the 112 and 113 Orders are not clearly erroneous or contrary to law. *Equal Empl. Opportunity Commn. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).

ECF 115.

Plaintiff's fourth Motion to Compel (ECF 131) filed on October 11, 2022, sought to have Defendants provide him with a copy of a video. In dismissing this request as moot on October 12, 2022 (ECF 132), the Magistrate Judge noted, "[a]s arranged by the Court the video was shown to Plaintiff on October 6, 2022." On October 14, 2022, Defendants filed a certificate of compliance indicating that counsel for the Defendants, "has complied with the Order of Court dated September 19, 2022 and delivered to the Plaintiff the documents set forth in the Order including video, responses to interrogatories; production of policies and other requested documents October 6 and October 11, 2022." ECF 133.

In November of 2022, when Plaintiff requested an extension of time for discovery to continue, the Magistrate Judge granted his request. ECF 143. On February 10, 2023 when Plaintiff filed his sixth Motion to Compel (ECF 166), the Magistrate Judge issued a briefing schedule (ECF 168) but denied his Motion to Compel stating as follows:

> To the extent that Plaintiff is seeking additional discovery, his motion is denied because discovery closed on January 3, 2023. As reflected in the Court's 155 order of December 20, 2022, no further discovery is permitted. Plaintiff's request to reopen discovery is denied. To the extent that Plaintiff seeks additional documents related to requests 3, 5, 6, and 11 of his previously served requests for production, his motion is denied based upon Defendants' representation that all documents responsive to

7

>   these requests that are in their possession or control have been produced.
>   Signed by Magistrate Judge Patricia L. Dodge on 3/6/23.

ECF 173.

Plaintiff filed Objections with this Court with respect to the Magistrate Judge's March 6, 2023 Order noting that no further discovery would be permitted. ECF 178. This Court overruled Plaintiff's Objections both procedurally, and on the merits, noting with respect to the latter:

>   Having reviewed Plaintiff's Objection/Appeal, Plaintiff's
>   Objection/Appeal is denied and overruled on the merits to the extent it
>   seeks reversal of Magistrate Judge Dodge's March 6, 2023 Text Order
>   because none of the rulings contained in Magistrate Judge Dodge's March
>   6, 2023 Text Order with respect to Plaintiff's Motion to Compel are either
>   clearly erroneous or contrary to law.
>
>   To the contrary, for the following reasons, in the March 6, 2023 Text
>   Order, Magistrate Judge Dodge properly denied Plaintiff's Motion to
>   Compel to the extent Plaintiff sought to have the closed discovery period
>   reopened, Plaintiff given "unobstructed access to [additional] discovery,"
>   and Defendants compelled "to produce all documents and information
>   sought within plaintiffs' [sic] pleadings." (Doc. 177 at 2, Doc. 178 at 2).
>
>   First, Plaintiff did not file his Motion to Compel until early February 2023,
>   well after discovery in this civil case had closed (discovery closed on
>   January 3, 2023), and has not provided a sufficient reason for why he
>   could not have filed his Motion to Compel prior to the
>   close of discovery on January 3, 2023.
>
>   Second, Plaintiff has not provided a sufficient reason as to why discovery
>   should be reopened and Plaintiff given "unobstructed access to discovery."
>   (Id.) (See also Doc. 180 at 4) (Defendants explaining, "all the information
>   within its [sic] possession have been supplied in response to the previously
>   submitted discovery and . . . if the information does not exist in the
>   documents produced to the Plaintiff, such documentation or evidence is
>   not available to the Defendants.").
>
>   Third, with respect to Plaintiff's Requests for Production of Documents 3,
>   5, 6, and 11, as explained by Magistrate Judge Dodge in her March 6,
>   2023 Text Order, Defendants have represented that they have provided
>   Plaintiff with all documents in their possession and control which are

> responsive to these requests by Plaintiff. (See also id.) (Defendants explaining, "all the information within its [sic] possession have been supplied in response to the previously submitted discovery and . . . if the information does not exist in the documents produced to the Plaintiff, such documentation or evidence is not available to the Defendants. This response can apply to items 3, 5, 6 and 11 outlined by the Plaintiff in the within motion to compel").

ECF 182.

### III. Discussion

#### A. Count 15

In Count 15, Plaintiff claims he suffered retaliation while at WCP for the grievances he attempted to file and for the lawsuit he did file in 2021 in violation of his First and Fourteenth Amendment rights. Defendants moved for summary judgment on this claim correctly noting that pursuant to *Mitchell v. Horn*, 318 F.3d 532, 530 (3d Cir. 2003), in order prove such a claim, Plaintiff would have to prove that he: (1) engaged in constitutionally protected conduct; (2) suffered an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. Defendants, as pointed out by Magistrate Judge Dodge in her Report and Recommendation, incorrectly suggested that the filing of grievances is not a constitutionally protected action. As the Magistrate Judge correctly noted, the filing of grievances are constitutionally protected actions. *Real v. Grenevich,* 2023 WL 33338, at *1 (3d Cir. Jan 4, 2023).

However, this Court finds that there is no evidence, and thus, no genuine issue of material fact to suggest that any retaliation occurred upon Plaintiff's filing of a grievance or his Original or Amended Complaints in this action. To the contrary, prior to the filing of the Original

9

Complaint, the only evidence of record are not grievances, but request slips. A grievance form at WCP is not the same as a request slip, which Plaintiff completely understood as he filed many request slips asking for grievance forms.

Plaintiff, in his Response to the Motion for Summary Judgment, does not even point to these request slips as the basis for his retaliation claim; however, this Court giving this *pro se* Plaintiff latitude, considered them. Moreover, Plaintiff fails to demonstrate with any evidence of record how the filing of any of those request slips (not grievances) which predate the Original Complaint resulted in a form of retaliation.

Furthermore, Defendants' Brief in Support its Motion for Summary Judgment notes that the disciplinary actions taken against Plaintiff for doing things such as meeting his girlfriend at physician appointments -- which were made for him outside of WCP – were legitimate disciplinary actions and not done in retaliation for Plaintiff exercising his Due Process Rights under the 14th Amendment to grieve or file a lawsuit.

Finally, Defendants also note that Plaintiff actually prevailed when other disciplinary actions were filed against him for things like insolence and disrespect, which further demonstrates that there is no evidence of retaliation for his filing a lawsuit or simply following the prison's grievance procedure and legal process.

Therefore, because there is no evidence of retaliation, this Court will grant the Defendants' Motion for Summary Judgment as to Count 15.

**B. Count 16**

In Count 16 of his Amended Complaint, Plaintiff alleges that WCP failed to comply with the ADA when it housed him in a medical unit in 2020 and 2021, rendering him unable to take

10

advantage of certain programs and activities like those inmates housed in the general population. Specifically, he points to the fact that he could not participate in video visits (no in-person visits were happening during the relevant time due to COVID-19) and use a tablet, enjoy the gym, use the law library, or have the ability to microwave meals he bought through the commissary.

The Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As noted by the Magistrate Judge, Defendants concurred that Plaintiff had a qualifying disability and that the activities from which he was excluded were services, programs, or activities of a public entity.

However, because Plaintiff in this case seeks compensatory damages, he must also prove that the discrimination he suffered was, in fact, intentional discrimination under a deliberate indifference standard. *See, Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 537 F. App'x 90, 95 (3d Cir. 2013) ("[C]laims for compensatory damages under § 504 of the RA and § 202 of the ADA ... require a finding of intentional discrimination."); and *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 291 (3d Cir. 2019) ("Furgess must also show intentional discrimination under a deliberate indifference standard because he seeks compensatory damages.").

Thus, to prove his ADA claim, Plaintiff in this case will have to prove that the discrimination he suffered – meaning not giving him equal access to tablets, the gym, fresh air, video visits because of the COVID-19 pandemic – due to his placement in the medical unit at WCP, was in fact, intentional discrimination under a deliberate indifference standard. Here, the only evidence present demonstrates that he was placed in the medical unit for a torn ACL.

11

Plaintiff admits that the first time he was housed in the medical unit, and shortly after he realized he could not enjoy the activities described above, he requested to leave the medical unit and was permitted to do so. The second time he entered the medical unit for his torn ACL, Plaintiff had to be placed in a brace with metal joints to keep him from falling down, and because of the brace, he could not leave the medical unit and return to the general population.

Evidence produced by the parties demonstrates that the brace had metal components and WCP had legitimate concern about keeping Plaintiff safe given his vulnerable condition due to his unstable knee condition, as well as preventing other inmates from attacking him to obtain the brace's metal components. Although his disability kept him from joining in the activities, Plaintiff proffers no evidence to support his theory that Defendants deliberately discriminated against him by restricting his access to those activities available in the general population because of his disability (*i.e.* his injured knee requiring the use of a brace). There simply is no evidence of record to that effect.

Furthermore, to prove deliberate indifference Plaintiff must be able to prove that: (1) the WCP had "knowledge that a federally protected right is substantially likely to be violated," (*i.e.* knowledge that the failure to provide Plaintiff with access to video visits, etc. likely violated his right to reasonable accommodations of his disability), and (2) the prison failed "to act despite that knowledge." Although Plaintiff alleges in his Amended Complaint (ECF 58, p. 35) that he filed "request slips" seeking a grievance form and/or "request slips" to be given a reasonable accommodation so he could remain in the medical unit and still take part in the activities described above, Plaintiff has adduced no evidence to support either of these allegations at trial.

Therefore, although the Magistrate Judge correctly held that "a prison's obligation to

12

comply with the ADA . . . does not disappear when inmates are placed in a segregated housing unit, regardless of the reason for which they are housed there." ECF 190, p. 37, citing *Furgess* 933 F.3d at 291 (3d Cir. 2019), the Court finds no genuine issue of material fact exists with respect to the additional requirement that Plaintiff show intentional discrimination under a deliberate indifference standard given that he is seeking compensatory damages.  Simply stated, Plaintiff has failed to point to any evidence of record to support his allegations which could prove intentional discrimination under a deliberate indifference standard. Accordingly, this Court will grant Defendants' Motion for Summary Judgment as to Count 16.

**IV. Conclusion**

Based on the foregoing law and authority, this Court will grant summary judgment on Counts 15 and 16, but will adopt all other aspects of the Magistrate Judge's October 2, 2023 Report and Recommendation as the Opinion of this Court.  An appropriate Order shall be filed contemporaneously with this Opinion.

s/Arthur J. Schwab
ARTHUR J. SCHWAB
United States District Judge

cc: Honorable Patricia L. Dodge
United States Magistrate Judge

Brian Joseph Stoltie
QN-7814
SCI- Greene
175 Progress Dr.
Waynesburg, PA 15370

All ECF-registered Counsel of Record