IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN JOSEPH STOLTIE, | ) |
| | ) Civil Action No. 21-267 |
| Plaintiff, | ) |
| vs. | ) U.S. District Judge Arthur J. Schwab |
| | ) U.S. Magistrate Judge Patricia Dodge |
| MATTHEW SPRINGER | ) |
| Defendant. | ) |

**MEMORANDUM ORDER OF COURT**

Before the Court is Plaintiff's Motion to Amend or Alter Judgment (ECF 214) and his Motion to Continue the trial of this matter.  ECF 215.  For the reasons that follow, this Court will deny both of Plaintiff's Motions and direct counsel for Defendant to contact Plaintiff, again, in an on-going effort to resolve the one remaining claim set for trial on February 27, 2024.

      A.      **Plaintiff's Motion to Amend or Alter Judgment - ECF 214**

On October 2, 2023, United States Magistrate Judge Patricia Dodge for the Western District of Pennsylvania issued a Report and Recommendation on Defendants' Motion for Summary Judgment, recommending to this Court that only three claims proceed to trial (Counts 6, 15, and 16) in the instant matter.  ECF 190.  Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation on October 17, 2023.  ECF 191.  After reviewing the Magistrate Judge's Report and Recommendation and Plaintiff's Objections thereto, this Court agreed that Count 6 should proceed to trial.  ECF 194.  However, the Court explained that none of the evidence argued by Plaintiff could be used to prove his claim as to Count 15 (retaliation).  Id.  Further, this Court could not discern that any evidence existed with respect to Count 16, (Plaintiff's ADA claim wherein he sought compensatory damages) which could be used to prove intentional discrimination under a deliberate indifference standard.  Id.

Plaintiff's current motion, although styled as a "Motion to Alter or Amend Judgment" is really a Motion for Reconsideration of this Court's prior Opinion and Amended Order (ECF 193, ECF 194).  Because Plaintiff appears before this Court *pro se*, this Court will consider the Motion filed at ECF 214 as a Motion for Reconsideration.  *Railey v. Ebbert*, 407 F. Supp. 3d 510, 515 (M.D. Pa. 2019) (In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed pro se is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106).

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice.  See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Turning back to the instant matter, in his Motion to Alter or Amend the Judgment, Plaintiff rehashes arguments made before United States Magistrate Judge Dodge through his brief in opposition to summary judgment, and before this Court through his objections to the Magistrate's Report and Recommendation.  No intervening change in the law has occurred, and no new evidence – not previously available to this Court – has been presented.  This Court does not find that any clear error of law nor manifest injustice exists with respect to its prior decision on this matter, filed at ECF 193.

Therefore, the Court **DENIES** Plaintiff's Motion filed at ECF 214.

**B.     Plaintiff's Motion to Continue – ECF 215**

Next, this Court considers the Motion to Continue this trial.

Plaintiff has requested a continuance because he is *pro se* and does not believe he can meet the required pretrial deadlines.  However, since listing this matter for trial, Plaintiff has filed five motions (ECF 202, ECF 206, ECF 207, ECF 214 and ECF 215) in lieu of filing any documents which would comply with this Court's Pretrial Order.  ECF 196.   In addition, this Court ordered Defendant's counsel – who has complied – to confer with Plaintiff with respect to exhibits and witnesses.  As a result, a Joint Exhibit List was filed (ECF 209) which included Plaintiff's specified exhibit.  Plaintiff's exhibit caused this Court to locate and issue an Order for Writ of Habeus Corpus ad Testificandum for Matthew White – the author of the document Plaintiff included as an exhibit.  ECF 212 and ECF 213.

As noted by this Court, this is a one-issue, one-defendant matter for trial purposes.  The issue is whether Plaintiff's Constitutional rights were violated when he was housed in a pre-trial detention facility at Westmoreland County Prison.  Plaintiff contends that one of the cells he occupied contained remnants of human waste and was not permitted to clean the cell or those areas with the alleged waste.  Given the simplicity of the matter, and given the date of the alleged occurrence, October 10, 2020, this Court is not inclined to delay this trial any further.

Plaintiff also asks this Court to delay the trial of this matter and in the interim, order the parties to mediation.  However, this Court has already ordered Defendant's counsel to confer with Plaintiff, and Defendant's counsel has complied. Nevertheless, this Court will require Counsel for Defendant to immediately confer with Plaintiff to discuss any possibility for settlement and will urge both parties attempt to (once again) settle this matter.  Should a settlement be reached, counsel for Defendant will be required to inform the Court immediately.

Accordingly, given the readiness of the exhibits and witnesses and given that counsel for Defendant has already opened a line of communication with Plaintiff, this Court here by **DENIES** Plaintiff's Motion for Continuance of the Trial (ECF 215).

The Court further **ORDERS** counsel for Defendant to confer (again) with Plaintiff to discuss any possibility for settlement, and report any settlement or agreement in principle to this Court, immediately, should a settlement or agreement be reached.

SO ORDERED, this 21st day of February, 2024.

s/Arthur J. Schwab
ARTHUR J. SCHWAB
United States District Judge

cc:  Brian Joseph Stoltie - QN-7814
     SCI- Greene
     175 Progress Dr.
     Waynesburg, PA 15370

     All ECF-registered Counsel of Record